WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre H. Ali, | No. CV-18-00124-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Scotia Group Management LLC, | |
| Defendant. | |

On March 27, 2018, the Court granted Ali's Application to Proceed without Prepaying Fees or Costs. (Doc. 6.) The Court also screened Ali's complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the complaint with leave to amend for failure to demonstrate federal jurisdiction and for failure to state a claim. (*Id.*) The Court granted Ali thirty days from the March 27, 2018 filing date of its Order to file an amended complaint.

Ali's Amended Complaint was due on April 26, 2018. On April 6, 2018, Ali filed a form for a complaint that he titled "Income Statement." (Doc. 7.) Ali did not set forth any statement of a claim or request for relief. He attached forms pertaining to Social Security Retirement, Survivors, and Disability Insurance for someone named Andre De Shawn High. On May 9, 2018, Ali filed an Amended Complaint. (Doc. 8.) In light of Ali's *pro* se status and the short delay between the April 26, 2018 due date for the Amended Complaint and the May 9, 2018 filing, the Court will accept Ali's late filing. However, in the future, if Ali is unable to comply with deadlines set by the Court or the

rules, he must seek leave of Court to extend the time to comply as set forth at Rule 6(b) of the Federal Rules of Civil Procedure. *Cf. Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (*"pro se* litigants are bound by the rules of procedure"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court will screen the Amended Complaint. Under § 1915(e)(2), the Court must dismiss the Amended Complaint if the Court determines that the Amended Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief from an individual who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). For the following reasons, the Court will dismiss Ali's Amended Complaint with leave to amend.

**Screening Plaintiff's Amended Complaint**

**A.      General Requirements**

The Court previously advised Ali that a complaint is to contain "[a] 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" (Doc. 6 at (quoting Fed. R. Civ. P. 8(a)(2)). Where the pleader is pro se, the "[p]leadings should be liberally construed in the interests of justice." *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed. R. Civ. P. 10(b). "[E]ach claim  founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id*. Failure to set forth claims in such a manner places the onus "on the court to decipher which, if any, facts support which claims, as well as to determine whether . . ." a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc*., 508 F. Supp. 1303, 1307 n.1 (D.C. Va. 1981). "Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims." *Ramage v. United States*, 2014 WL 4702288 at *1 (D. Ariz.

2014) (citing *Benoit v. Ocwen Financial Corp., Inc.*, 960 F. Supp. 287, 289 (S.D. Fla. 1997), *affirmed* 162 F.3d 1177 (compliance with rule mandatory where allegations were so confounding and conclusory, claims were commingled, and unfeasible to decipher nature of claims)).

If the court determines that dismissal is appropriate, the plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint might state a claim. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv.* 911 F.2d 242, 247 (9th Cir. 1990) ("district court should grant leave to amend [the complaint] even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Moreover, when dismissing with leave to amend, the court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

**B.    Requirement that Action State a Claim on Which Relief Can be Granted**

In order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Indeed, Fed. R. Civ. P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3. The complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action.'" *Id*. at 555 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (interpreting Rule 8(a) and explaining that there must be specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they are plausible). Although a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) has not been filed in this case, the Court screens the Amended

Complaint in light of *Twombly* and must determine whether Ali has "nudge[d] [his] claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 555. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]." *Erickson v. Pardue*, 551 U.S. 89, 93 (2007). Instead, a statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S, at 555).

In discussing *Twombly*, the Ninth Circuit has stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). This Court must take as true all allegations of material fact and construe them in the light most favorable to Ali. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a pro se litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute as stated in Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012), in attempting to decipher a complaint.

## C. Failure to comply with Rule 8(a), F.R.C.P.

Ali originally filed this action against Scotia Group Management LLC (Scotia). Scotia was included in the caption, but not named in the body of the Amended Complaint. In the body of the Amended Complaint, Ali identifies the following Defendants: "Tucson Police/Tucson City Court", State of Arizona Department of Economic Security, ECMC debt collection, U.S. Department of the Treasury, City of Tucson Risk Management, U.S. Department of Education, attorney Matthew D. Koglmeier, and Arizona State Governor Doug Ducey. (Doc. 8 at 4–5.[1]) Citing to a letter from the Pope, Ali seeks 23.7 billion dollars in relief. (*Id.* at 2.)

Ali attaches to his Amended Complaint a multitude of documents including: a document about the Liber Code from Oxford Public International Law; a copy of an "Affidavit of Fact" on behalf of all Moorish nations signed by Dominus Nobilis El-Bey; a Master Promissory Note with the borrower listed as Maurice Andre Brooks; an International Proclamation regarding the Moorish National Republic; applications for name change from Maurice Andre Brooks to Andre De-Shawn High; correspondence from ECMC to High and Brooks regarding student loans; American Declaration of the Rights of Indigenous Peoples; a copy of some sort of an identification card belonging to Ali; a handwritten document directed to the State of Arizona discussing someone named Vanessa Brown; a letter from the Department of the Treasury to High indicating a social security payment was applied to a debt owed to the Department of Education with "Fraud Adverse Claim" written on it; an Arizona State Bar Complaint filed by Ali naming Doug Ducey and Matthew Koglmeier in regard to this action and another action pending in this Court before Magistrate Judge Macdonald (CV 17-546-TUC-BGM); a rental agreement and other documents between Breanna Bunch and/or High and Scotia; general information about the U.S. Government and representation by the District of Columbia; various court filings related to civil, eviction, and criminal proceedings involving Ali,

---

[1] Reference to page numbers of Doc. 8 correlate to the page number assigned by the Court's electronic filing system (CM/ECF) that appears at the top of each page of the document.

High and/or Bunch; Ali's application for citizenship; a Notice of Claim letter against the City of Tucson with regard to Brooks and Bunch who claimed they were victims of racial profiling and discrimination, written statements from Bunch and Rose Cana in support of such claim, and correspondence from the City of Tucson to Brooks about the claim[2]; correspondence to Ali from the Commission on Judicial Conduct and the Maricopa County Sheriff's Office about complaints he filed; correspondence from Northwest Medical Center relating to Bunch; what appears to be a printout of an internet page for Rillito Village Apartments and a statement for Rillito Village Apartments directed to Bunch; a document entitled "Actual and Constructive Notice Order of Protection, International Document" related to "The Moorish National Republic Federation Government Northwest Africa the Moorish Divine and National Movement of the World" (Doc. 8-2 at 22), a Notice of Immediate Termination issued to Bunch and High by City Heights Apartments (which appears to be related to Scotia); a statement to Bunch from "Super 8" apparently relating to a hotel stay; a notice of claim against the State of Arizona on behalf of Brooks apparently regarding conditions while he was confined in the Maricopa County jail; and a document about the Social Security Program Operations Manual System.

In dismissing Ali's original complaint, the Court explained that Ali failed to comply with Rule 8(a)'s requirement that the Complaint contain a short, plain statement of Ali's claims. (Doc. 6 at 3–4.) The Court also explained that the Complaint was deficient for failing to state the facts underlying the alleged claims. (*Id.* at 4.) Ali's Amended Complaint is equally lacking. In the "Statement of Claim" section of his Amended Complaint, Ali lists: "discrimination, illegal eviction, false arrest, failure to recognize nationality, retaliation, false claims act, slavery, racketeering (Black Codes) [or] terrorizim [sic]". (Doc. 8 at 2 (capitalization omitted).) However, Ali provides no factual statements to support any of these claims. Importantly, the Amended Complaint

---

[2] On some of the correspondence from the Tucson Police Department, handwritten notations indicate: "Sgt Stacie [illegible] Brady violation false information prejudice negligence." (Doc. 8-2 at 34.)

is devoid of any allegations linking Defendants to Ali's claims. As such, Ali has not alleged sufficient facts that would place Defendants on notice as to the grounds supporting his claims against them. Ali's attachment of various documents to the Amended Complaint does not make up for this failure. It is not the Court's function to sift through the documents attached to Ali's Amended Complaint to discern on what basis Ali might state a claim and, if so, against whom. In sum, the Amended Complaint fails to give Defendants proper notice of the nature and basis of Ali's claims. On this basis alone, dismissal is appropriate.

### D.    Jurisdiction

Generally, this court has jurisdiction to hear cases arising under federal law or cases involving diverse parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331-1332. Ali indicates in his Amended Complaint that this Court has federal question jurisdiction over his action pursuant to the "Treaty of Peace and Friendship (see affidavit of fact) and [the] 13th Amendment." (Doc. 8 at 3.) Based on Ali's attachment of a document titled "Affidavit of Fact" on behalf of all Moorish Nations signed by Dominus Nobilis El-Bey (doc. 8-1 at 10–11), it appears that Ali is referring to the Treaty of Peace and Friendship of 1787 with Morocco. *See Love v. United States,* 29 Ct. Cl. 332, 341 (1894) (citing 1 Stat. L., p. 100)). The Treaty was "executed in response to the ill of piracy rampant during 15th to 18th centuries in the coastal waters and ports of the [sic] North Africa and the high 'protection fees' charged by North African rulers for maintaining peace in their coastal waters and ports." *Murakush Caliphate of Amexem Inc. v. New Jersey,* 790 F. Supp.2d 241, 260 n.16 (D.N.J. 2011) (holding that reliance on the Treaty with Morocco for the purposes of a civil suit raising claims based on the events that occurred within United States' geographical territory is facially frivolous)). Ali fails to allege any facts that would support a finding of jurisdiction under the Treaty.

Ali's reliance on the Thirteenth Amendment as a basis for jurisdiction is also unavailing on the instant record. Under the Thirteenth Amendment, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have

been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. "By its terms [the Thirteenth] Amendment excludes involuntary servitude imposed as legal punishment for a crime." *United States v. Kozminski*, 487 U.S. 931, 942 (1988), *superseded on other grounds* by 22 U.S.C. § 7101. Here, Ali alleges no facts to support this Court's exercise of jurisdiction under the Thirteenth Amendment.

### E. Second Amended Complaint

The Court finds that dismissal with leave to amend is appropriate. *See Noll,* 809 F.2d at 1448 (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal to permit Ali to make an intelligent decision whether to file a Second Amended Complaint. *See Bonanno,* 309 F.2d at 322. Ali is advised that all causes of action alleged in the Amended Complaint which are not alleged in any Second Amended Complaint will be waived. *Cf. Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"). Any Amended Complaint filed by Ali must be retyped or rewritten in its entirety and may not incorporate any part of the Amended Complaint by reference. Ali's Second Amended Complaint shall be clearly designated as a Second Amended Complaint on the face of the document. **In his Second Amended Complaint, Ali must write short, plain statements telling the Court the claim he is advancing, the name of the Defendant against whom he is advancing the claim, a description of the Defendant's conduct giving rise to the claim, and what specific injury Ali suffered because of the Defendant's conduct. Ali must repeat this process for each person or entity he names as a Defendant.** Conclusory allegations that a Defendant caused Ali injury are not acceptable and will be dismissed.

Ali is advised that failure of a Second Amended Complaint to state a claim upon which relief can be granted will result in dismissal of this action. Additionally, Ali is advised that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b) without further notice to him. *See*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**F.    Notice regarding resources for self-represented litigants**

Ali is advised that the Federal Rules of Civil Procedure and Local Rules for the District of Arizona can be found on the Court's web site at www.azd.uscourts.gov.  Ali is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants.  In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m.  If Ali wishes to schedule a clinic appointment, he should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

## CONCLUSION

THEREFORE, IT IS ORDERED:

1. Plaintiff's Amended Complaint (Doc. 8) is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND.  Plaintiff shall have thirty (30) days from the date of filing this Order to file a Second Amended Complaint.

2. Any Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior complaints or subsequent pleadings by reference.  All causes of action alleged in the Amended Complaint which are not alleged in any Second Amended Complaint will be waived.  Any Second Amended Complaint submitted by Plaintiff shall be clearly designated as a Second Amended Complaint on the face of the document.  Any Second Amended Complaint shall comply with the requirements of Fed.R.Civ.P. 8(a), 10(a), and 11(a), and this Order.

3. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Plaintiff, if Plaintiff fails to file a Second Amended Complaint within thirty (30) days of the filing date of this Order.

4. A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the

District Judge to whom the case is assigned. *See* LRCiv 5.4, Rules of Practice of the U.S. District Court for the District of Arizona. Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff.

5. At all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "Notice of Change of Address" and shall be filed no later than fourteen (14) days before the effective date of the change. *See* LRCiv 83.3(d), Rules of Practice of the U.S. District Court for the District of Arizona. The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Plaintiff shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute and/or failure comply with the Court's orders and rules pursuant to Fed. R. Civ. P. 41(b).

Dated this 2nd day of August, 2018.

Honorable Jennifer G. Zipps
United States District Judge